UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JENNIFER RUOTOLO, on behalf of herself and other similarly situated individuals,

Plaintiff,

v.

UTGR, LLC d/b/a BALLY'S TWIN RIVER LINCOLN CASINO RESORT AND BALLY'S TIVERTON CASINO & HOTEL and TWIN RIVER – TIVERTON, LLC d/b/a BALLY'S TIVERTON CASINO & HOTEL,

Defendants.

Case No. 1:24-cv-00268-JJM-PAS

**ORDER GRANTING FINAL APPROVAL TO RULE 23 CLASS AND FAIR LABOR STANDARDS ACT COLLECTIVE SETTLEMENT**

Before this Honorable Court is the Plaintiff's Agreed Motion to Grant Final Approval of Rule 23 Class and Fair Labor Standards Act Collective Settlement ("Motion") and the pertinent materials filed with that motion. The Defendants agree to the Motion. **For good cause shown, and as more fully explained below, the Motion is GRANTED and this Action is DISMISSED WITH PREJUDICE.**

1. The Court preliminarily approved the Class Settlement Agreement between the Parties (the "Agreement") by order entered on June

23, 2025 ("Preliminary Approval Order"). A copy of the Agreement was attached to Plaintiff's motion for preliminary approval at Exhibit 1, and it is incorporated in this Final Approval Order by reference. The terms used in this Final Approval Order shall have the same meaning as defined in the Agreement.

2. On October 28, 2025, the Court conducted a Fairness Hearing to consider final approval of the Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record.

3. Final Certification of the Rule 23 Class and FLSA Collective. For the purposes of settlement only, the Court finds that the proposed Rule 23 Class, as defined in Agreement, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure and 29 U.S.C § 216(b). The Court finds that (a) the Rule 23 class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the class; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (d) the representative parties will fairly and adequately protect the interests of the class. The Court further finds that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior

to other available methods for fairly and efficiently adjudicating this controversy.

4. Accordingly, the Court grants final certification of the following proposed Class:

> The 2,057 employees in Rhode Island who, according to Defendants' records, may have completed a required training class from home while not clocked in between the time period of July 1, 2021 and August 31, 2024.

5. Class Representative. For the purposes of settlement, the Court approves Named Plaintiff, Jennifer Ruotolo, as the Class Representative.

6. Class Counsel. For the purposes of settlement, the Court appoints as Class Counsel Richard E. Hayber, Esq., Hayber, McKenna & Dinsmore, LLC, 750 Main Street, Suite 904, Hartford, CT 06103, and Michael D. Pushee, Esq., Law Office of Michael D. Pushee, 100 Midway Place, Suite 16, Cranston, RI 02920.

7. Approval of the Agreement. The Court approves the Agreement and finds that it is a reasonable compromise of the claims in this action. The Agreement is fair, just, reasonable and adequate, binding on all Class Members who have not timely opted out under the terms of the Agreement, and is in the best interest of the Class Members.

8. Notice to the Class. The Court determines that notice of the proposed settlement was properly given to Class Members as required by the

Preliminary Approval Order. The Court finds that the notice provided to the Class Members of the proposed settlement was the best practical notice under the circumstances and provided the Class Members with fair and adequate notice of the terms of the Agreement, information about the Fairness Hearing, and of their right to exclude themselves from the Class and/or to object to the settlement. The Court finds the notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

9. The Court finds that the Agreement: (a) is fair to all Parties; (b) reasonably resolves a *bona fide* disagreement between the Parties with regard to the merits of the claims of the Named Plaintiff and the Class Members; and, (c) demonstrates a good faith intention by the Parties that these claims be fully and finally resolved, not subject to appellate review, and not re-litigated, in whole or in part, at any point in the future. The Court, therefore, approves the Agreement, including its release of claims.

10. By operation of the Agreement and this Final Approval Order, and except as to such rights or claims as may be created or reserved by the Agreement or those non-waivable by law, Named Plaintiff and all Class Members, excluding those two individuals who timely opted out of the settlement (Johann Tosov and Xavier Pol), are hereby irrevocably and unconditionally deemed to have forever and fully released Defendants and all Released Parties from any and all Released Claims. The Named Plaintiff and

Class Members, excluding those individuals who have timely opted out of the settlement, are forever barred from bringing or presenting any action or proceeding against Defendants or any of the Released Parties that involve or assert any of the Released Claims.

11. The Court finds that Service/General Release Awards Payment to the Named-Plaintiff in the amount of $7,500.00 is reasonable and hereby approves same.

12. The Court finds that Class Counsel's request for attorney's fees in the amount of $74,166.67 and litigation costs in the amount of $705.97 is reasonable and hereby approves same.

13. The Agreement shall be administered in accordance with its terms and the $222,500.00 Maximum Settlement Amount will be distributed as follows:

a. The Net Settlement Amount of $123,177.36 shall be paid to the Class Members, excluding those individuals who have timely opted out of the settlement;

b. The amount of $7,500.00 shall be paid to the Named Plaintiff as a Service/General Release Awards Payment;

c. The amount of $16,950.00 shall be paid to ILYM Group, Inc., the Settlement Administrator, as payment for the administration of the settlement;

d. The amount of $74,166.67 shall be paid to Class Counsel as reasonable attorney fees;

e. The amount of $705.97 shall be paid to Class Counsel as reasonable litigation costs; and,

f. Unclaimed amounts from Net Settlement Amount shall revert to Defendants.

14. Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same. In particular, the Court will retain jurisdiction in order to allow the parties to file copies of the opt-in consent forms, which will be contained on the back side of the negotiated settlement checks.

15. The Agreement reflects a compromise of disputed claims. The findings and rulings in this Final Approval Order are made for the purposes of settlement only. Nothing in the Agreement or this Final Approval Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed or admissible or used as evidence of (or as an admission of) liability by Defendants or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure for any purpose other than settlement.

16. This Civil Action is DISMISSED WITH PREJUDICE.

So ordered.

**Hon. John J. McConnell, Jr., Chief**
**UNITED STATES DISTRICT JUDGE**

DATED: 11/03/2025